IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLARENCE JOSEPH,<br>    ID # 02435611,<br>        Petitioner,<br><br>v.<br><br>DIRECTOR, TDCJ-CID,<br>        Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>No. 3:26-CV-655-K-BW<br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, received on February 26, 2026.  (Dkt. No. 3.) Based on the relevant filings and applicable law, the Court should **DISMISS** the petition with prejudice as barred by the statute of limitations.

## I.  BACKGROUND

Clarence Joseph, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), filed a habeas petition under 28 U.S.C. § 2254 challenging a 2018 five-year term of deferred adjudication and subsequent 2023 adjudication of guilt and 15-year sentence following revocation of the deferred adjudication.[2]  (*See id.* at 1.)[3]  He names the Director of the TDCJ-CID as the respondent.  (*See id.*)

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

[2] Joseph also filed a motion for leave to proceed in forma pauperis ("IFP") in this action, despite having access to sufficient funds to pay the $5.00 filing fee as recently as the

On November 1, 2018, Joseph pleaded guilty to one count of aggravated assault with a deadly weapon in Cause No. F18-75874-M in the 194th Judicial District Court of Dallas County, Texas; that state court deferred adjudication and placed Joseph on a five-year period of community supervision.  (*See id.*); *Order of Deferred Adjudication*, *State v. Joseph*, No. F-18-75874-M (194th Jud. Dist. Ct., Dallas Cnty., Tex. Nov. 1, 2018).  Joseph's community supervision was subsequently revoked for violation of its terms, and on February 9, 2023, the state court adjudicated him guilty and sentenced him to 15 years of imprisonment.  *See Judgment Adjudicating Guilt*, *Joseph*, No. F-18-75874-M (194th Jud. Dist. Ct., Dallas Cnty., Tex. Feb. 9, 2023).  Joseph did not appeal the deferred adjudication order or the adjudication of guilt.

On June 13, 2024, the state trial court received Joseph's only state habeas application.  *See Ex parte Joseph*, No. W-1875874-A (194th Jud. Dist. Ct., Dallas Cnty., Tex. June 13, 2024).  While his state habeas application was pending, Joseph filed his first federal habeas petition under § 2254, which the Court dismissed for failure to exhaust state remedies.  *See Joseph v. Director, TDCJ-CID*, No. 3:24-CV-2396-G-BN, 2024 WL 5294679 (N.D. Tex. Oct. 2, 2024), *rec. adopted*, 2025 WL 44277 (N.D. Tex. Jan. 7, 2025).  On May 21, 2025, the Texas Court of Criminal

---

month before he filed this action.  (*See* Dkt. No. 5 at 3.)  Despite Joseph's filing fee deficiency, the administration of justice is better served in this instance by addressing the substance of this action.

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Appeals ("TCCA") denied the claims in Joseph's state habeas application pertaining to his deferred adjudication and adjudication of guilt.[4]  *See Ex parte Joseph*, No. WR-95,905-01 (Tex. Crim. App. May 21, 2025).  The TCCA denied Joseph's request for reconsideration on July 25, 2025.  *See id.*

Joseph now challenges his 2018 deferred adjudication and 2023 guilt adjudication under § 2254 on the following grounds:

(1)  Ineffective assistance of counsel actual innocence/miscarriage of justice;

(2)  Denial of due process- trial court error/prosecutorial misconduct/ Brady, actual innocence miscarriage of just;

(3)  Ineffective assistance of counsel, conflict of interest- trial/plea counsel Gaelle Abrey- miscarriage of justice;

(4)  Ineffective assistance of counsel, conflict of interest- revocation counsel Calvin Johnson- miscarriage of justice; and

(5)  Actual innocence/miscarriage of justice ineffective assistance of revocation counsel, denial of due process.

(Dkt. No. 3 at 5, 12, 15, 18, 24 (capitalization altered).)  Joseph's first, second, and third grounds relate to the 2018 deferred adjudication, and his fourth and fifth grounds relate to the 2023 adjudication of guilt.[5]  (*See id.*)

---

[4] The TCCA also dismissed a claim in Joseph's state habeas application challenging the calculation of his time credits.  *See Ex parte Joseph*, No. WR-95,905-01 (Tex. Crim. App. May 21, 2025).

[5] Joseph also appears to challenge events from and alleged deficiencies of the state habeas proceedings.  (*See* Dkt. No. 3 at 16; Dkt. No. 4 at 19-21.)  Such "[a]n attack on a state habeas proceeding does not entitle the petitioner to [federal] habeas relief in respect to his conviction, as it 'is an attack on a proceeding collateral to the detention and not the detention itself.'"  *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) (citations omitted); *see*

3

## II.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

applies to all federal petitions for habeas corpus filed after its effective date of April

24, 1996.  *See* AEDPA, Pub. L. 104–132, 110 Stat. 1217-1221; *Lindh v. Murphy*, 521

U.S. 320, 326 (1997).  Among its provisions, the AEDPA establishes a one-year

limitations period for state inmates seeking federal habeas relief.  *See* 28 U.S.C.

§ 2244(d).  Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

---

*also Brown v. Dretke*, 419 F.3d 365, 378 (5th Cir. 2005) ("[A]lleged infirmities in state habeas proceedings are not grounds for federal habeas relief.").

For purposes of § 2244(d)(1)(A), there are two limitations periods when, as here, a deferred adjudication is involved: one for claims relating to the order of deferred adjudication and one for claims relating to the adjudication of guilt. *See Tharpe v. Thaler*, 628 F.3d 719, 722-24 (5th Cir. 2010). The order of deferred adjudication became final on December 3, 2018, after the expiration of the 30-day period to appeal the order. *See* Tex. R. App. Proc. 4.1(a), 26.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires."). The order adjudicating guilt became final on March 13, 2023, after the expiration of the 30-day period to appeal. *See id.* Joseph does not allege any facts showing that state action prevented him from filing a § 2254 petition earlier, nor does he allege any newly recognized constitutional right made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B), (C).

The alleged facts supporting Joseph's claims became known or could have become known through the exercise of due diligence prior to the dates his deferred adjudication and guilt adjudication respectively became final. Because the date his deferred adjudication and guilt adjudication became final is the latest date under § 2244(d), the one-year statute of limitations began to run from those dates, December 3, 2018 and March 13, 2023. Joseph filed this federal habeas action approximately seven years and three years later, respectively. His § 2254 petition is

5

therefore untimely in the absence of statutory or equitable tolling, or an applicable exception to the limitations period.

## A.  Statutory Tolling

Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Joseph's only state habeas application was filed in the state habeas court on June 13, 2024, over four years after the December 3, 2019 expiration of the limitations period for his claims relating to the order of deferred adjudication and three months after the March 13, 2024 expiration of the limitations period for his claims relating to the guilt adjudication.  His state habeas application therefore does not toll the limitations period under § 2244(d)(2).  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a habeas application filed in state court after expiration of the applicable limitations period does not statutorily toll the limitations period).

The Court notes that the declaration to Joseph's state habeas application is dated January 23, 2024.  *See Ex parte Joseph*, No. W-1875874-A (194th Jud. Dist. Ct., Dallas Cnty., Tex. June 13, 2024).  Even if the Court assumes that January 23, 2024 was the filing date under the prison mailbox rule, statutory tolling still does not save the petition.  Assuming a January 23, 2024 filing date, the state habeas application was filed over four years after the expiration of the limitations period for claims

relating to the order of deferred adjudication.  As to his claims relating to the guilt adjudication, 316 days elapsed from the date the guilt adjudication became final, leaving him 49 days to timely file a federal habeas petition.  The limitations period would have been tolled from January 23, 2024 through no later than July 25, 2025, when the TCCA denied Joseph's request for reconsideration of the denial of his state habeas application.  The limitations period would have begun to run again on July 26, 2025 for the remaining 49 days and would have expired on September 15, 2025; Joseph would have had until that date to file his § 2254 petition as to his claims relating to the guilt adjudication.  He did not file his petition until over five months later.

## B.  Equitable Tolling

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010).  "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 2000) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  It "'applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights.'"  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation omitted), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605 (5th Cir. 2006).

A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (citation and internal quotation marks omitted). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000). Courts must examine each case to determine if there are sufficient exceptional circumstances warranting equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Joseph lists several bases on which he seeks equitable tolling of the statute of limitations. (*See* Dkt. No. 3 at 27.) With the exception of his contention that limitations should be tolled based on a miscarriage of justice, i.e., actual innocence, he provides no explanations or evidence to support his listed grounds for equitable tolling. (*See id.*) His conclusory list fails to show the existence of any rare and exceptional circumstance preventing him from filing a timely § 2254 petition and does not satisfy his burden to show that he entitled to equitable tolling. Further, as to his actual innocence claim, actual innocence does not justify equitable tolling. *See, e.g.*, *Tate v. Parker*, 439 F. App'x 375, 376 & n.1 (5th Cir. 2011) (holding that a petitioner's claim of actual innocence was insufficient to warrant equitable tolling and citing *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Scott v. Johnson*, 227 F.3d 260, 263 & n.3 (5th Cir. 2000)).

### C.  Actual Innocence

Joseph contends that the actual innocence, or miscarriage of justice, exception to the statute of limitations applies in this case based on new evidence.[6]  (*See* Dkt. No. 3 at 5, 12, 17-18, 24, 26; Dkt. No. 4 at 3.)

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar. . . [or] expiration of the statute of limitations."  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  Yet, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of [ ] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (recognizing that the *Schlup* standard is "demanding" and rarely satisfied).  A credible claim of actual innocence requires the "petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Schlup*, 513 U.S. at 324.  In the Fifth Circuit, "[e]vidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or

---

[6]  In his first ground, Joseph also makes passing reference to a "Martinez exemption," along with actual innocence.  (Dkt. No. 3 at 5.)  The Court understands Joseph to be referencing the "narrow, equitable exception to procedural default" established by *Martinez v. Ryan*, 566 U.S. 1 (2012).  *Moody v. Lumpkin*, 70 F.4th 884, 892 (5th Cir. 2023).  The exception under *Martinez* "has no applicability to the statutory limitations period prescribed by the AEDPA."  *Id.*  His reliance on *Martinez* is unavailing here.

reasonable investigation.'" *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018)

(quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)).

Here, Joseph alleges actual innocence of the aggravated assault charge in

Cause No. F18-75874-M based on new evidence:

> A) G.P.S. coordinates of Petitioner and complain[]ant that would show
> Petitioner was never on Interstate 45 with [the complainant] thus
> Petitioner could not have chased [the complainant] onto the freeway[,]
> pointed firearm[,] then discharged[; and]
>
> B) 1. 911 Calls
>    2. Phone logs
> would further support Petitioner[']s actual innocence Dallas Police,
> District Attorney's Office prosecuted Petitioner based on a false
> allegation of Petitioner[']s conduct the new evidence under [B)] would
> further support [A)] and show the false timelines, the false allegations,
> coer[c]ion by 911 operator.

(Dkt. No. 3 at 26; *see also* Dkt. No. 4 at 3.)  Notwithstanding that Joseph provides

only unsubstantiated and conclusory assertions regarding the existence and contents

of this purported new evidence, the evidence allegedly establishes Joseph's

whereabouts and phone calls on the date of the offense.  Joseph's own whereabouts,

the phone calls he personally made, and the alleged evidence showing same "were

always within the reach of [his] personal knowledge or reasonable investigation."

*Hancock*, 906 F.3d at 390.  As such, they do not constitute "new" evidence sufficient

to overcome the AEDPA's statute of limitations based on alleged actual innocence of

the aggravated assault offense.  *See id.*

Regarding the violation of his community supervision that resulted in the

revocation of his deferred adjudication and entry of the order of adjudication, the

only alleged new evidence on which Joseph appears to rely for his actual innocence claim are the alleged recorded movements of a vehicle he was driving. (*See* Dkt. No. 3 at 24.) He appears to contend that these recorded movements would show that "the vehicle was not driven in circles[.]" (*Id.*) Joseph again fails to provide this purported new evidence, but because he was the one driving the vehicle, the way it was driven was within his personal knowledge and evidence showing same was within reach of his reasonable investigation. *See Hancock*, 906 F.3d at 390. Additionally, to the extent he appears to argue that a second basis for the revocation of his deferred adjudication involved charges that were ultimately dropped, the status of charges against him likewise was always within his personal knowledge and reasonable investigation. (*See id.* at 24.) Accordingly, Joseph fails to provide new evidence sufficient to overcome the AEDPA's statute of limitations based on actual innocence as to the revocation of his deferred adjudication and entry of the guilt adjudication.

Because Joseph fails to show the existence of any new, reliable evidence to show actual innocence, he cannot overcome the applicable AEDPA limitations period under the actual innocence exception. Joseph's § 2254 petition therefore is untimely, and the Court should dismiss it.

### III.  RECOMMENDATION

The Court should **DISMISS** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, received on February 26, 2026 (Dkt. No. 3), with prejudice as barred by the statute of limitations.

**SO RECOMMENDED** on April 2, 2026.

_____

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).